■    In the Matter of the Claim of GORDON SHOECRAFT, Respondent, v. HART's FOOD STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by two employers and carriers from an award of the Workmen's Compensation Board assessed equally against them for reduced earnings. The sole contention of appellants is that the board erroneously excluded commissions from renewal premiums received by claimant, an insurance salesman, during the period of the award, in determining that he had reduced earnings. If the commissions received by claimant on renewal premiums are considered as current earnings as of the time received, claimant would have had no reduced earnings, and hence there would be no basis for an award. The board has considered these renewal commissions as relating back to the original policies, and has declined to consider such commissions as earnings during the award period. The record is clear that if, upon renewal of a policy, any change or alteration of the original policy was requested, it was claimant's duty to service the policy by interviewing the policyholder and making the requested changes. The record is not clear as to just how frequently such servicing of renewal policies was required of claimant. However, we do not think that the actual quantum of work done by claimant in servicing renewal policies is controlling. Claimant had a contract with the insurance agency which employed him providing, in part: "On renewal premiums on policies written by second party [claimant] and collected by him or by the first party while this contract is in force second party will be entitled to a service fee of 5% for servicing such policies." It is not realistic to regard these renewal commissions as gratuities relating back to the original policies because the parties have bargained for and agreed upon claimant's compensation for his services, which by the terms of the agreement was to include commissions upon renewal premiums payable at the time of renewal. Consequently, by agreement they were current earnings as of the time received, and should have been so considered in reaching a determination

as to claimant's reduced earnings, if any. Respondent's contention that this appeal is not proper and that the abandonment of an earlier appeal renders the previous decision of the board final, is without merit. Following the abandonment of the previous appeal new evidence was taken and a new award made. This appeal, taken from the last and final determination of the board, is properly taken. Award reversed and the claim dismissed, with one bill of costs against the Workmen's Compensation Board to be divided between the appellants.